WATSON, Justice.*
The Louisiana State Bar Association, through its Chief Disciplinary Counsel, asks that defendant, attorney Ronald J. Kilgarlin, be disbarred from the practice of law.
By a prior opinion rendered October 23, 1989,[1] Ronald J. Kilgarlin was suspended from the practice of law for a period of two years. That suspension was imposed for Kilgarlin’s commingling and conversion of clients’ funds and otherwise failing to properly represent his clients.
This complaint against attorney Kilgarlin involves the representation of Stephen R. Byer in a worker’s compensation suit. Byer originally contacted Kilgarlin, who engaged attorney William Cox as co-counsel. After Cox negotiated a settlement agreement, he moved to Florida. Responsibility for concluding the settlement fell to Kilgar-lin. A check from Zurich Insurance Company for $15,000, made payable to Stephen Byer and William Cox, was deposited by Kilgarlin in an “attorney escrow fund— IOLTA” on April 28, 1988. In a series of checks written between May 1, 1988, and May 25, 1988, Kilgarlin gradually depleted the account.[2] Checks were written for cash and for such personal items as clothing, car repairs and dinner at Bennigans.
Although the statutory and contractual attorney’s fee on the settlement was $2500, Kilgarlin converted $7,580.38 of the settlement funds to his personal use.[3] He attempted to spend another $6,339.21 on a used automobile. Through Cox’s intervention, the escrow account was frozen and the balance was released to Byer in the middle of June. Client Byer received checks for $3300 and $4,119.62. Kilgarlin tendered a cashier’s check to the Bar Association for the balance of $5,080 on April 27, 1990.
Kilgarlin did not respond to complaints in the prior matter. He did not make an appearance in this case until he filed a brief on April 30, 1990, the same day that the case was docketed for argument in the Louisiana Supreme Court.[4] In the brief, Kilgarlin admits his misconduct and expresses remorse. In mitigation, he pleads a crumbling personal life. He has been residing with his grandmother in Crosby, Mississippi. He says that the delay in restitution resulted from his inability to obtain the money.
Commissioner Linda S.A. Burke suggested disbarment or a three-year suspension *1378 as an appropriate discipline. The Committee on Professional Responsibility of the Louisiana State Bar Association recommended disbarment, citing The American Bar Association’s Standards For Imposing Lawyer Sanctions (1986)[5] and Louisiana State Bar Ass’n v. Hinrichs, 486 So.2d 116 (La.1986). The Bar’s Chief Disciplinary Counsel, substituted as petitioner for the Committee,[6] maintained in oral argument that disbarment is the appropriate sanction.[7]
Aggravating factors in this case outweigh the niitigating circumstances and belated remorse that Kilgarlin has expressed. This is not the first occasion on which he has converted client funds for his own use. The number and destination of the checks indicate dishonest motives and a pattern of misconduct. His client, Stephen Byer, was an injured worker with a family. Yet Kil-garlin treated him with utter indifference, letting him wait two years to receive the full amount of his compensation settlement. No interest was paid and restitution occurred only three days before the case was heard by the Supreme Court. Disbarment is the appropriate remedy. Hinrichs; Louisiana State Bar Ass’n v. Lindsay, 553 So.2d 807 (La.1989); and Louisiana State Bar Ass’n v. Krasnoff, 515 So.2d 780 (La.1987).
DECREE
For the reasons assigned,
IT IS ORDERED, ADJUDGED AND DECREED THAT RONALD J. KILGAR-LIN BE DISBARRED FROM THE PRACTICE OF LAW IN LOUISIANA.
ALL COSTS ARE ASSESSED TO RESPONDENT, RONALD J. KILGARLIN.

 Judge Melvin A. Shortess participated in this decision as Justice Pro Tempore.

. LSBA v. Kilgarlin, 550 So.2d 600 (La.1989).

. Kilgarlin alleges that some of the checks were stolen and signed by his former fiancée, Linda Borne. However, the signatures on all the checks show significant similarities.

. Cox has never received his one-half of the attorney's fee.

. Robert G. Creeley had been appointed as curator ad hoc for Kilgarlin.

. ABA Standard 4.11 states:
Disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client.

. By new administrative rules, effective April 1, 1990, responsibility for prosecuting attorney disciplinary cases rests with the chief disciplinary counsel.

. See also In Re Wilson, 81 N.J. 451, 409 A.2d 1153 (1979); Annot. 94 A.L.R.3d 846 (1979).